1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                      FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   RAMON L. ESPINOZA,                         Case No.  2:23-cv-00228-TLN-JDP (PS)

11                  Plaintiff,                   **ORDER**

12          v.                                   DENYING PLAINTIFF'S MOTION TO
                                                STRIKE
13   RICK MROCZECK, *et al.*,
                                                ECF No. 11
14                  Defendants.
                                                **FINDINGS AND RECOMMENDATIONS**
15
                                                THAT DEFENDANTS' MOTION TO
16                                              DISMISS BE GRANTED AND THE FIRST
                                                AMENDED COMPLAINT BE DISMISSED
17                                              WITH LEAVE TO AMEND

18                                              ECF No. 13

19                                              OBJECTIONS DUE WITHIN FOURTEEN
                                                DAYS
20

21

22          In this wrongful foreclosure action, defendants Rick Mroczek; ZBS Law, LLP; and

23   LoanCare, LLC, move to dismiss plaintiff's first amended complaint ("FAC") under Federal Rule

24   of Civil Procedure 12(b)(6) for failure to state a claim.[1]  ECF No. 13.  Defendant Geoffrey Neal

25   joins the other defendants' motion.  ECF No. 18.  Because plaintiff fails to state any plausible

26

27   _____

28          [1] Defendant ZBS Law, LLP, was erroneously sued as ZBS Law LLP.  Defendant
     LoanCare, LLC, was erroneously sued as LoanCare LLC.  *See* ECF No. 13 at 2.

                                              1

claim for relief, I recommend that the motion to dismiss be granted.[2]

**Plaintiff's Allegations in the FAC**

While the FAC contains mostly disjointed and conclusory contentions that lack factual support, the court discerns the following allegations that appear to challenge the legitimacy of the non-judicial foreclosure sale of plaintiff's former property: in November 2012, plaintiff purchased a home in Stockton, California, and obtained a mortgage loan.  ECF No. 7 at 1, 10.  He asserts that "the original debt was actually zero because [his] financial asset was exchanged" for a promissory note "in an even exchange."  *Id.* at 10.  The promissory note "never became a registered security."  *Id.* at 11.  From January 2013 until November 2015, plaintiff made timely mortgage payments.  *Id.* at 13.  In May 2016, July 2018, and September 2019, defendant LoanCare, LLC, initiated foreclosure proceedings when plaintiff fell behind on his mortgage payments.  On each occasion, plaintiff avoided foreclosure by paying for reinstatement.  *Id.*  On August 19, 2022, a notice of default was issued and signed by defendant Rick Mroczek, an attorney who works for defendant ZBS Law, LLP.  On January 9, 2023, plaintiff received a notice of trustee sale.  Also on January 9, 2023, plaintiff's property was sold at a foreclosure sale.  *Id.* at 14.  The foreclosure sale, however, is void because defendant Mroczek did not have legal authority to sign the notice of default letter on behalf of the trustee, or to execute the sale.  *Id.* at 1-2.  After the foreclosure sale, defendants LoanCare, LLC, and ZBS Law, LLP, along with an attorney who "operat[ed] the Foreclosure Services," sent false information about plaintiff to various credit reporting agencies, causing his credit to be "impaired."  *Id.* at 14.

**Legal Standard**

A complaint may be dismissed for "failure to state a claim upon which relief may be granted."  Fed. R. Civ. P. 12(b)(6).  Dismissal under Rule 12(b)(6) may be based on either:

---

[2] Pursuant to Local Rule 230(g), the hearing date, originally set for June 8, 2023, was vacated and the motion was ordered submitted without oral argument.  *See* ECF No. 19.

1 (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory.

2 *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013).

3        To survive a Rule 12(b)(6) motion, a plaintiff must allege "enough facts to state a claim to

4 relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A

5 claim has "facial plausibility when the plaintiff pleads factual content that allows the court to

6 draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

7 *Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  The plausibility standard is

8 not akin to a "probability requirement," but it requires more than a sheer possibility that a

9 defendant has acted unlawfully.  *Iqbal*, 556 U.S. at 678.

10        When determining a Rule 12(b)(6) motion, the court must accept all well-pleaded material

11 factual allegations as true, but not legal conclusions.  *Iqbal*, 556 U.S. at 678.  The Supreme Court

12 has explained that complaints consisting only of "labels and conclusions" or "formulaic

13 recitation[s] of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

14 Likewise, a complaint is deficient if it presents nothing more than "naked assertion[s]" without

15 "further factual enhancement." *Id*. at 557.

16        The court construes a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S.

17 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears

18 beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

19 entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However,

20 "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim

21 that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir.

22 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

23 **Discussion**

24        The FAC contains conclusory assertions and statements referencing legal terms and

25 authorities that, even when liberally construed, fail to establish a plausible claim for relief against

26 any defendant.  As shown in the following excerpts from the FAC, plaintiff repeatedly alleges

27 legal conclusions without any factual support: "The deed of trust, and the promissory note must

28 always be together, and without the note and the loan accounting entries, the attorney has failed to

3

prove there was any debt, a second fatal flaw to the wrongful foreclosure," ECF No. 7 at 8; "[T]he defendant is guilty of violating Federal Laws when he signed the default letter on behalf of the trustee without legal documentation to verify legal authority," *id.* at 5; "The defendants further complicated the fraudulent process by selling their payables to another entity to remove it from their balance sheet," *id.* at 11; and "The contract should be rescinded because the defendant LoanCare LLC, did not provide full disclosure, the contract is extremely deceptive and unconscionable," *id.* at 12.

Other allegations in the FAC are nonsensical, such as: "The Supreme Court ruled lawyers and attorneys are NOT licensed to practice law, the nature of lawyer-craft in America as per the United States Supreme Court," ECF No. 7 at 4; and "[C]ontracts requiring lawful money are illegal," *id.* at 11. Additionally, the FAC contains contradictory allegations concerning plaintiff's mortgage: plaintiff alleges that he obtained a mortgage loan in 2012, but subsequently claims that he "was never provided a loan." *Id.* at 10.

In light of plaintiff's unsupported and somewhat confusing assertions, the court concludes that he fails to state any plausible claim for relief with respect to the following causes of action asserted in the FAC: (1) wrongful foreclosure; (2) violation of the Fair Debt Collection Practices Act ("FDCPA"); (3) violation of the Truth in Lending Act ("TILA"); (4) breach of contract; (5) violation of "Federal Trust and Lien Laws"; (6) slander of title; (7) slander of credit; and (8) infliction of emotional distress. *See* ECF No. 7 at 18-19.

In particular, the FAC fails to plead sufficient facts showing that any defendant is liable for wrongful foreclosure. Under California law, a claim of wrongful foreclosure must allege that: (1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party contesting the sale was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from doing so. *Miles v. Deutsche Bank Nat'l Tr. Co.*, 236 Cal. App. 4th 394, 408 (2015). A litigant may also challenge a foreclosure by alleging that the foreclosing party did not have the authority to foreclose due to a void assignment of a loan. *See Cardenas v. Caliber Home Loans,*

1    *Inc.*, 281 F. Supp. 3d 862, 872 (N.D. Cal. 2017) (citing *Yvanova v. New Century Mortg. Corp.*, 62

2    Cal. 4th 919, 942-43 (2016)).  While plaintiff contends in the FAC that the foreclosure is "void"

3    because defendant Mroczek had no authority to "execute the power of sale clause," ECF No. 7 at

4    1-2, this assertion lacks sufficient factual details to support a plausible claim for relief.  The FAC

5    also fails to allege that plaintiff suffered additional prejudice beyond the foreclosure itself.  *See*

6    *Cardenas*, 281 F. Supp. 3d at 872-74 (concluding that the "weight of published California Court

7    of Appeal decisions [] holds that . . . prejudice beyond the foreclosure itself" must be alleged in

8    wrongful foreclosure action based on void loan assignment).  To the extent that the FAC

9    challenges the foreclosure proceeding on other grounds, plaintiff's unsupported allegations do not

10   state a plausible claim.  *See Miles*, 236 Cal. App. 4th at 408.

11         The allegations in the FAC also fail to state a breach of contract claim, which requires

12   facts showing: (1) the existence of a contract; (2) plaintiff's performance; (3) defendant's breach

13   of the contract; and (4) damages flowing from the breach.  *See CDF Firefighters v. Maldonado*,

14   158 Cal. App. 4th 1226, 1239 (2008).  Additionally, "[t]he complaint must identify the specific

15   provision of the contract allegedly breached by the defendant."  *Donohue v. Apple, Inc.*, 871 F.

16   Supp. 2d 913, 930 (N.D. Cal.2012) (citation omitted).  The FAC is deficient to the extent it does

17   not allege that a contract existed between plaintiff and defendants, and does not identify the

18   specific contract terms that defendants purportedly breached.  The FAC also fails to allege that

19   plaintiff performed his contractual obligations.

20         Next, the FAC fails to state a claim under the FDCPA, which imposes liability for an

21   entity's abusive debt collection practices.  *See* 15 U.S.C. § 1692(e).  The Supreme Court has held

22   that a business that "engage[s] in only nonjudicial foreclosure proceedings are not debt collectors

23   within the meaning of the Act," with the exception of 15 U.S.C. § 1692f(6).  *Obduskey v.*

24   *McCarthy & Holthus LLP*, __ U.S. __, 139 S. Ct. 1029, 1038, (2019).  This subsection states that:

25   "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any

26   debt," including "[t]aking or threatening to take any nonjudicial action to effect dispossession or

27   disablement of property if—(A) there is no present right to possession of the property claimed as

28   collateral through an enforceable security interest; (B) there is no present intention to take

possession of the property; or (C) the property is exempt by law from such dispossession or disablement." 15 U.S.C. § 1692f(6).  Plaintiff has not alleged facts that demonstrate that any defendant violated Section 1692f(6).  *See* ECF No. 7 at 2-3, 9, 15-17.

Likewise, the FAC fails to plead a plausible claim under the Truth in Lending Act ("TILA"), Regulation Z, 12 C.F.R. § 226.23.  *See* ECF No. 7 at 3-4.  Plaintiff does not allege that any defendant acted, or failed to act, in violation of the cited regulation, which grants consumers a right to rescind certain transactions.  *See* 12 C.F.R. § 226.23.

The remaining claims in the FAC are also defective.  Plaintiff's contention that a defendant, without authorization, signed an unspecified document on behalf of the trustee in violation of "Federal Trust and Lien Laws" does not even reference a cognizable legal theory. ECF No. 7 at 18.  Additionally, his claims alleging slander of title and credit are premised on brief, conclusory assertions that fail to demonstrate that any defendant published a false statement that disparaged plaintiff's title to property causing economic loss.  *See Truck Ins. Exch. v. Bennett*, 53 Cal. App. 4th 75, 84 (1997).

Similarly, the FAC falls far short of establishing a claim of intentional infliction of emotional distress.  Under California law, a claim of IIED has four elements: "(1) outrageous conduct by the defendant; (2) the defendant's intention of causing or reckless disregard of the probability of causing emotional distress; (3) the plaintiff's suffering severe or extreme emotional distress; and (4) actual and proximate causation of the emotional distress by the defendant's outrageous conduct."  *Huntingdon Life Sciences, Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.*, 129 Cal. App. 4th 1228, 1259 (2005).  Several California district courts have held that, absent allegations of bad faith, the act of foreclosing on a home is not the type of extreme behavior that supports a claim of IIED.  *See Dare v. Nam*, 2021 WL 4445102, at *8 (S.D. Cal. Sept. 27, 2021) (citations omitted); *Barefield v. HSBC Holdings PLC*, 2018 WL 5784707, at *13 (E.D. Cal. Nov. 1, 2018) (citations omitted).  Under this authority, plaintiff's IIED claim is deficient, as he alleges no outrageous conduct by defendants that took place outside of the foreclosure process.  *See* ECF No. 7 at 19.

Lastly, to the extent that plaintiff's claims in the FAC contain allegations of fraudulent

6

1    conduct, such allegations are subject to the heightened pleading requirement set forth in Rule 9(b)

2    of the Federal Rules of Civil Procedure.  *See* ECF No. 7 at 2 (alleging fraudulent debt collection

3    practices), 11 (referencing defendants' alleged "scheme to defraud").  Rule 9(b) requires a party

4    to state a fraud allegation "with particularity" so that the "circumstances constituting the alleged

5    fraud [are] specific enough to give defendants notice of the particular misconduct."  *Vess v. Ciba-*

6    *Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotations and citation omitted).

7    Fraud-based claims "must be accompanied by 'the who, what, when, where, and how' of the

8    misconduct charged."  *Id.* (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).

9    Considering plaintiff's failure to plead sufficient facts to state a claim under Rule 12(b)(6), it

10   follows that the FAC's allegations of fraud also fail to satisfy the stricter pleading requirements of

11   Rule 9(b).

12        In light of plaintiff's pro se status, I recommend that defendant's motion to dismiss be

13   granted with leave to amend.  Although the FAC contains numerous deficiencies, it is not

14   "absolutely clear" that amendment would be futile.  *See Akhtar v. Mesa*, 698 F.3d 1202, 1212

15   (9th Cir. 2012) ("A district court should not dismiss a pro se complaint without leave to amend

16   unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by

17   amendment.'") (citation omitted).  The docket also reflects that plaintiff filed the FAC as a matter

18   of course approximately one month after he filed his original complaint, without the benefit of a

19   court order noting the defects in his claims.  *See id.* ("[B]efore dismissing a pro se complaint the

20   district court must provide the litigant with notice of the deficiencies in his complaint in order to

21   ensure that the litigant uses the opportunity to amend effectively.") (quotations and citations

22   omitted); *see* ECF Nos. 1 & 7.

23        Plaintiff's motion to strike defendants' notice of appearance is denied.  *See* ECF Nos. 10

24   & 11.  Liberally construing plaintiff's assertions, he argues that defendant ZBS Law, LLP, is

25   improperly proceeding in this matter as a pro se litigant because it is represented by "an agent in

26   [the] firm," attorney Bradford E. Klein, who is employed by ZBS Law, LLP.  *See* ECF No. 11 at

27   1.  While plaintiff is correct that corporations and unincorporated associations are required to

28   appear in court through counsel, *see D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d

7

972, 973-74 (9th Cir. 2004) (citation omitted), this rule does not bar an attorney from representing his or her law firm in a federal action. *See, e.g.*, *Saito v. Lewis*, 2023 WL 4052268, at *1-2 (M.D. Fla. June 16, 2023) (denying motion to strike notice of appearance because defendant law firm properly appeared through an attorney employed by the firm). As such, plaintiff has failed to demonstrate that the notice of appearance should be stricken based on the employment relationship between defendant ZBS Law, LLP, and Mr. Klein.

Accordingly, it is hereby ORDERED that plaintiff's motion to strike, ECF No. 11, is denied.

Further, it is hereby RECOMMENDED that:

1. Defendants' motion to dismiss, ECF No. 13, be granted.

2. Plaintiff's First Amended Complaint, ECF No. 7, be dismissed without prejudice and with leave to amend.

3. Plaintiff be granted thirty days from the date of any order adopting these findings and recommendations to file a second amended complaint.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.


Dated:    January 16, 2024                        _____
                                                  JEREMY D. PETERSON
                                                  UNITED STATES MAGISTRATE JUDGE

9